**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION**

MATTHEW JONES,                          )
                                        )
                   Plaintiff,           )
                                        )
        v.                              )          No. 1:23-CV-218 ACL
                                        )
STEELE POLICE,                          )
                                        )
                   Defendant.           )

## OPINION, MEMORANDUM AND ORDER

Plaintiff Matthew Jones, a self-represented litigant, seeks leave to proceed in forma pauperis in this civil action brought pursuant to 42 U.S.C. § 1983. Having reviewed the motion and the financial information submitted in support, the Court will grant the motion. *See* 28 U.S.C. § 1915(b)(1). Furthermore, after reviewing the complaint, the Court will dismiss this action as frivolous and for failure to state a claim. *See* 28 U.S.C. § 1915(e)(2)(B).

### Legal Standard on Initial Review

Under 28 U.S.C. § 1915(e)(2), the Court is required to dismiss a complaint filed in forma pauperis if it is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. To state a claim for relief, a complaint must plead more than "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Id.* at 679. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. Determining whether a complaint

states a plausible claim for relief is a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. *Id.* at 679.

When reviewing a complaint filed by a self-represented person under 28 U.S.C. § 1915, the Court accepts the well-pleaded facts as true, *White v. Clark*, 750 F.2d 721, 722 (8th Cir. 1984), and it liberally construes the complaint. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Haines v. Kerner*, 404 U.S. 519, 520 (1972). A "liberal construction" means that if the essence of an allegation is discernible, the district court should construe the plaintiff's complaint in a way that permits the claim to be considered within the proper legal framework. *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015). However, even self-represented plaintiffs are required to allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980); *see also Stone v. Harry*, 364 F.3d 912, 914-15 (8th Cir. 2004) (refusing to supply additional facts or to construct a legal theory for the self-represented plaintiff).

## The Complaint

Pro se plaintiff Matthew Jones has filed a complaint against the Steele Police Department in Cottonwood, Missouri,[1] alleging that he was sexually abused in the year 2000 by multiple law enforcement agencies between his home in Delaware, his aunt's church in Georgia, and upon their return to Delaware. As a result of the alleged serial abuse, he suffered multiple "deaths," and "[t]o resurrect [him] from the dead each time, a 250 year old tree needed to be converted into medicine as well as the plants that only grow around them." As explained below, it is clear from both the fantastical allegations, as well as plaintiff's extensive litigation history, that his complaint is

---

[1]There is no actual town called Cottonwood, Missouri. However, there is a town called Steele, Missouri, in Pemiscot, County Missouri. There is also a Cottonwood Point located within the Township of Pemiscot, a minor civil division of Pemiscot County, Missouri. Steele Police Department, however, is located in Steele, Missouri.

frivolous. As such, his complaint will be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B) as frivolous and for failure to state a claim.

## Discussion

Plaintiff Matthew Jones, a citizen of the State of Delaware, appears pro se and seeks leave to proceed in forma pauperis. He initiated this case on December 8, 2023, against the Steele Police Department. Plaintiff claims that he was "raped anally and tortured at the end of June, beginning of July, in the year 2000, by the Steele Police Department, "after [his] capt[ors] told the arresting officer this story at a speeding traffic stop." This is the sum of plaintiff's claims against defendant in the complaint.

In the complaint, plaintiff raises claims under 42 U.S.C. § 1983 based on alleged violations of his rights under the First, Eighth, and Fourteenth Amendments of the United States Constitution, the Federal Tort Claims Act[2], and state-law negligence.

Federal courts are required to review complaints filed by persons who are proceeding in forma pauperis and to dismiss any action that is frivolous, malicious or fails to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B). A court's *sua sponte* dismissal of in forma pauperis cases "discourage the filing of, and waste of judicial and private resources upon, baseless lawsuits that paying litigants generally do not initiate because of the costs of bringing suit, and because of the threat of sanctions for bringing vexatious suits under Fed. R. Civ. P. 11." *Neitzke v. Williams*, 490 U.S. 319, 327 (1989).

---

[2]As plaintiff claims action by state officers of the Steele Police Department, the Federal Tort Claims Act does not apply in this instance. Rather, the Federal Tort Claims Act (FTCA) "waives federal sovereign immunity for injuries caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable." *Newcombe v. United States*, 933 F.3d 915, 917 (8th Cir. 2019).

3

The Court finds no legal basis for plaintiff's claims against the Steele Police Department. First, the Steele Police Department is a department or subdivision of local government, and not a juridical entity, suable as such. *Ketchum v. City of West Memphis, Ark.*, 974 F.2d 81, 82 (8th Cir. 1992) (affirming dismissal of West Memphis Police Department and West Memphis Paramedic Services because they were "not juridical entities suable as such"). *See also Owens v. Scott Cty. Jail,* 328 F.3d 1026, 1027 (8th Cir. 2003) (stating that "county jails are not legal entities amenable to suit"); and *De La Garza v. Kandiyohi Cty. Jail*, 18 Fed. Appx. 436, 437 (8th Cir. 2001) (affirming district court dismissal of county jail and sheriff's department as parties because they are not suable entities). Accordingly, plaintiff's claims against the Steele Police Department are subject to dismissal.

Next, even if the claims are raised under 42 U.S.C. § 1983 for violating plaintiff's constitutional rights, the claims are time barred. The statute of limitations for § 1983 claims is borrowed from the forum state's personal injury statute. *Walker v. Barrett,* 650 F.3d 1198, 1205 (8th Cir. 2011). *See also Anderson v. City of Minneapolis*, 934 F.3d 876, 880 (8th Cir. 2019) (determining that statute of limitations for § 1983 case arising in Minnesota "comes from the state's personal injury statute"). For cases arising in Missouri, the five-year statute of limitations for personal injury actions found in Mo. Rev. Stat. § 516.120(4) applies to § 1983 actions. *Sulik v. Taney Cty., Mo.,* 393 F.3d 765, 767 (8th Cir. 2005). While the statute of limitations is an affirmative defense, a district court may properly dismiss an in forma pauperis complaint under 28 U.S.C. § 1915 when it is apparent the statute of limitations has expired. *Myers v. Vogal*, 960 F.2d 750, 751 (8th Cir. 1992). As such, plaintiff's claims in this lawsuit brought pursuant to § 1983 against defendant are time-barred.

Last, plaintiff has an extensive litigation history surrounding the instant claims for relief. Plaintiff has alleged in numerous cases across the nation that he was forcibly transported through Delaware, Maryland, Virginia, North Carolina, South Carolina, Georgia, Florida, Alabama, Mississippi, Louisiana, Texas, Arkansas, Tennessee, Kentucky, West Virginia, Maryland, and back to Delaware, and that he was frequently, routinely and violently sexually assaulted by law enforcement officials in each state. While the Court does not take such allegations lightly, the sheer scope of the allegations, coupled with his subsequent allegation of multiple resurrections from the dead by magical means, cast them in a different light from other allegations of sexual abuse.

The Supreme Court has further explained that the statute authorizing proceedings in forma pauperis gives the Court "the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." *Neitzke*, 490 U.S. at 327. "[A] finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them." *Denton v. Hernandez,* 504 U.S. 25, 33 (1992). "Federal courts have both the inherent power and the constitutional obligation to protect their jurisdiction from conduct which impairs their ability to carry out Article III functions." *Procup v. Strickland*, 792 F.2d 1069, 1073-74 (11th Cir. 1986) (en banc). Plaintiff's complaint is a paradigm of the kind of frivolous filing this Court can, and indeed must, protect itself against.

Although the complaint itself betrays that it is the product of a troubled litigant, its character is confirmed by a review of plaintiff's litigation history. The earliest case that the Court can identify filed by "Matthew N. Jones," with the same address as plaintiff, dates to 2015. *See Jones v. Delaware Techincal & Community College,* 1:15-cv-00198-RGA (D. Del. Mar. 3, 2015). The allegations in that complaint are frivolous. *Id.* The Honorable Richard G. Andrews noted that a

2020 case plaintiff filed was "yet another lawsuit plaintiff has filed following an involuntary hospitalization in November 2017." *Jones v. Deputy Attorney General Valerie Farnan*, 1:20-cv-00818-RGA (D. Del. Nov. 4, 2020). The District of Delaware's docket notes forty "related cases," all filed by Jones. *See generally* 1:20-cv-00818-RGA (D. Del.). A search of the United States Courts' Public Access to Court Electronic Records system ("PACER") shows that Jones has filed thirty-two cases across multiple districts in this year alone.[3] The United States District Court for the District of New Hampshire summarized the factual allegations in one of those complaints as follows:

---

[3] *See Jones v. Vermont State Police*, 2:23-cv-00018-wks (D. Vt. Jan. 23, 2023); *Jones v. Town of Bennington Police Department*, 2:23-cv-00019-wks (D. Vt. Jan. 23, 2023); *Jones v. Lamoille Cnty. Sheriff's Dept.*, 2:23-cv-00020-wks(D. Vt. Jan. 26, 2023); *Jones v. Vermont State Police*, 2:23-cv-00021-wks (D. Vt. Jan. 26, 2023); *Jones v. Shah,* 1:23- cv-00925-RGA (D. Del. Aug. 23, 2023); *Jones v. Chidiak*, 1:23-cv-00998-RGA (D. Del.Sept. 8, 2023); *Jones v. Avalon Police Department*, 1:23-cv-20981-KMW-SAK (D.N.J.Oct. 6, 2023); *Jones v. Trenton New Jersey Police Department*, 3:23-cv-21173-MASJBD (D.N.J. Oct. 13, 2023); *Jones v. Ridgefield New Jersey Local Police Department*, 3:23-cv-21260-MAS-JBD (D.N.J. Oct. 17, 2023); *Jones v. Philadelphia Police Department*, 2:23-cv-04186-MAK (E.D. Pa. Oct. 25, 2023); *Jones v. Greene County Sheriff's Department*, 1:23-cv-01305-GTS-DJS (N.D.N.Y. Oct. 25, 2023); *Jones v. N.Y.P.D.,* 1:23-cv-09515-UA (S.D.N.Y. Oct. 25, 2023); *Jones v. F M Dill Farms,* 1:23-cv-02928-GLR (D. Md. Oct. 26, 2023) ("Complaint- The Police colored Brown Black Americans who have filled every second of every minute of every hour of every day of every week of every month of every year of every decade of my life with murderous threats, disease contagion, and isolation from all but their race begin their travels here in groups of eighty each from Dill Farms in Maryland every day."); *Jones v. N.Y.P.D.*, 1:23-cv-08101-PKC-CLP (E.D.N.Y. Oct. 26, 2023); *Jones v. RI State Police*, 1:23-cv-00446-MSM-PAS (D.R.I. Oct. 27, 2023); *Jones v. New Haven CT, P.D.*, 3:23-cv-01415-VDO (D. Conn. Oct. 27, 2023); *Jones v. PA State Police Dept. Troop B*, 2:23-cv-01868-CB-CRE (W.D. Pa. Oct. 30, 2023*); Jones v. Orange Texas Police Department*, 6:23-cv-00605-JCB-KNM (E.D. Tex. Dec. 4, 2023); *Jones v. Mississippi Highway Patrol,* 3:23-cv-03122-DPJ-FKB (S.D. Miss. Dec. 4, 2023); *Jones v. Tampa Bay Police*, 2:23-cv-01127-JLB-KCD (M.D. Fla. Dec. 4, 2023); *Jones v. Miami Police,* 1:23-cv-24583-BB (S.D. Fla. Dec. 4, 2023); *Jones v. State Police Department*, 1:23-cv-03310-MJM (D. Md. Dec. 4, 2023); *Jones v. Delaware State Police*, 1:23-cv-01379-RGA (D. Del. Dec. 4, 2023); *Jones v. Arkansas State Police*, 4:23-cv-01144-JM (E.D. Ark. Dec. 4, 2023*); Jones v. State Police Department,* 2:23-cv-00017-TSK-MJA (N.D. W. Va. Dec. 4, 2023); *Jones v. South Carolina State Police*, 4:23-cv-06265-RBH-KDW (D.S.C. Dec. 5, 2023); *Jones v. Florida State Police*, 4:23-cv-00519-RH-MJF (N.D. Fla. Dec. 5, 2023*); Jones v. North Carolina State Police*, 7:23-cv-01659-BO-RJ (E.D.N.C. Dec. 5, 2023*); Jones v. Ohio State Patrol,* 1:23-cv-00794-MWM-KLL (S.D. Ohio Dec. 5, 2023); *Jones v. Maryland State Police*, 1:23-cv-03311-JRR (D. Md. Dec. 5, 2023*); Jones v. Andalusia Police*, 1:23-cv-00459-KD-B (S.D. Ala. Dec. 5, 2023); *Jones v. Perryville Police*, 5:23-cv-00332-KKC (E.D. Ky. Dec. 5, 2023).

> The four-page single-spaced factual narrative in Mr. Jones's complaint is disjointed and, at times, incoherent. He alleges that he has been 'murdered' multiple times beginning in 1986, having been removed from his mother's body after her murder. He also alleges that he has been forced into prostitution since he was two years old and forced to drink motor oil and bleach. During an unspecified time period, Mr. Jones alleges that he was in the care of crack addicts who brought him to New Hampshire, where he was raped and assaulted by 'state and local police' in Loudon, New Hampshire, as well as Massachusetts and Connecticut.

*Jones v. New Hampshire State Police*, Troop E, 1:23-cv-00053-LM (D.N.H. April 10, 2023). The Court's limited review of plaintiff's filings removes any doubt that he is a mentally-ill serial litigant.

As such, the Court finds that this matter is subject to dismissal for failure to state a claim and as frivolous.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis [ECF No. 2] is **GRANTED**.

**IT IS FURTHER ORDERED** that this action is **DISMISSED** for failure to state a claim and frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B).

An Order of Dismissal will accompany this Memorandum and Order.

Dated this 13th day of December, 2023.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE